HARTFORD CASUALTY INSURANCE COMPANY, APPELLEE, *v.* EASLEY, APPELLANT.

[Cite as *Hartford Casualty Ins. Co. v. Easley* (1991), 62 Ohio St.3d 232.]

(No. 90–1660—Submitted October 8, 1991—Decided December 18, 1991.)

234

*Earl, Warburton, Adams & Davis* and *Thomas L. Davis,* for appellee.

*Lancione Law Offices* and *Robert M. Lancione,* for appellant.

DOUGLAS, J.   In finding that the trial court properly granted Hartford's motion for summary judgment, the court of appeals held that Hartford did not receive notice from Easley which would have apprised Hartford of a contemplated settlement with Motorists, and that Easley prejudiced Hartford's subrogation rights by signing the release prior to Hartford's acknowledgment of the contemplated settlement.   Therefore, the court of appeals concluded that Easley was not entitled to underinsurance benefits from Hartford.   In reaching its decision, the court of appeals relied heavily on *McDonald v. Republic–Franklin Ins. Co.* (1989), 45 Ohio St.3d 27, 543 N.E.2d 456, and, in particular, paragraph two of the syllabus, wherein we held that:

"When an *insured has given his underinsurance carrier notice* of a tentative settlement prior to release, and the insurer has had a reasonable opportunity to protect its subrogation rights by paying the underinsured motorist benefits before the release but does not do so, the release will not preclude recovery of underinsurance benefits * * *."   (Emphasis added.)

In *McDonald,* Kendra McDonald was injured in an accident while riding as a passenger in an automobile.   Kendra was covered under *her* family's automobile insurance policy which provided underinsurance coverage of up to $300,000.   The driver of the automobile was insured under a policy which contained a liability limit of $50,000.   The driver's insurer offered Kendra the policy's limit conditioned upon a general release of all claims against the driver.   Shortly thereafter, Kendra's stepfather notified *Kendra's* underinsu-

rance carrier that the driver's policy limit would be insufficient to cover Kendra's expenses.

There exists a notable distinction between *McDonald, supra,* and the instant case. *McDonald* concerned an injured person who sought benefits from *her* underinsurance carrier. Receipt of such benefits was dependent on, in part, the injured person, Kendra, providing *her* underinsurance carrier with notification of the contemplated settlement with the tortfeasor's insurer prior to giving the tortfeasor a release. In the present case, we are confronted with an entirely different scenario. Here, Easley, as the borrower of Jackson's automobile, was not able to simply provide *her* underinsurance carrier with notification of a possible settlement with Motorists. The policy in question was not issued by Hartford to Easley but, rather, the policy was issued by Hartford to Jackson. Easley had not contracted with Hartford to provide her with underinsurance benefits. Any entitlement Easley may have had to available benefits was by virtue of Easley borrowing Jackson's car and the issuance of the contract of insurance by Hartford to Jackson. To further complicate matters, it appears from the record that Jackson, for whatever reason or reasons, impeded Easley's efforts to ascertain whether underinsurance benefits existed. Jackson was reluctant to divulge the name of her insurance agent and failed to provide Easley with information regarding available underinsurance coverage, although Jackson did, apparently, notify her insurance agent on at least three occasions of Easley's underinsurance claim. Indeed, Easley was confronted with a difficult, if not impossible, task of determining the existence of any underinsurance benefits that Easley may have been entitled to receive.[1]

Notification of a contemplated settlement offer to an underinsurance carrier may, on the surface, appear to be a simple task. However, as noted, *supra,* notification to the underinsurance carrier can become a troublesome dilemma if the carrier cannot readily be discovered. Hence, it would not be correct to find that notification to the underinsurance carrier in *McDonald,* which involved an injured person providing notification of a settlement offer to *her* insurer, can be equated with notification in the case now before us. Thus, the court of appeals' reliance on *McDonald* was misplaced.

In the case at bar, a genuine issue of material fact exists as to whether Hartford received notice of Easley's underinsurance claim before the release

---

1. An action for discovery under R.C. 2317.48 may also not have provided Easley with any relief since Easley's "adverse party" was Jarvis—not Jackson (the insured). In fact, on April 5, 1988, Judge Reda dismissed Easley's amended complaint against Jackson. The reason given by the trial court for the dismissal was that Easley failed to state a "legally recognized cause of action against Defendant Elmira Jackson."

of Jarvis was executed on August 20, 1987. Jackson's deposition, taken in connection with Easley's suit against Jackson in the common pleas court, and being part of the record before us, does reflect that Jackson gave both the June 23, 1987 and the July 24, 1987 letters to her insurance agent and that she reported to her agent the telephone call from Easley's attorney which occurred during the period between the two letters. Nevertheless, the efficacy of this testimony should be determined by the fact-finder at a trial rather than upon a motion for summary judgment.

Likewise, there is a material fact as to whether the notice received by Hartford (if it is found that notice was given and received) gave Hartford a "reasonable time" to respond to Easley. This was the exact issue upon which we remanded *McDonald, supra,* in order that a determination of "reasonable time" be made.[2]

Accordingly, we find that the summary judgment granted Hartford by the trial court and affirmed by the court of appeals was in error. We reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

---

2. We held in paragraph three of the syllabus in *McDonald* that:

"The insurer's failure to respond, within a reasonable time, to notification by its insured of a settlement offer will operate to void a subrogation clause in the insurer's underinsured motorist provision."